IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

CIVIL ACTION NO. _____

**EVERETT SHIELDS**

    **Plaintiff,**

v.

**PILGRIM'S PRIDE CORPORATION,**

    **Defendant**

## COMPLAINT

COMES NOW, Everett Shields (hereinafter "Mr. Shields" or "Plaintiff") and hereby files this Complaint against Pilgrim's Pride Corporation (hereinafter "Defendant" or "Pilgrim's Pride"), and states as follows:

## JURISDICTION

1. This is an action for declaratory judgment, equitable relief, and monetary damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress known a the "Civil Rights Act of 1964," as amended, including the Civil Rights Act of 1991, 42 U.S. C. § 2000 (e) *et seq.* (hereinafter "Title VII"), which provides for the relief from race discrimination in employment and pursuant to 28 U.S.C. §§ 1331, 1343(4).

2. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") on December 27, 2016 (No. 420-2017-00685). The foregoing charge of race discrimination was filed within 180 days of the occurrence of the last respective discriminatory act. Plaintiff received his right to sue on January 5,

2017. Copies of the aforementioned EEOC Charge and Dismissal and Notice of Rights are attached hereto as Exhibit A.

3. The unlawful practices alleged herein were committed by the Defendant in Franklin County of the State of Alabama. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff, Everett Shields, is an African American male citizen of the United States of America, is a resident of the State of Alabama and is over the age of 19. At all times relevant to this action, Mr. Shields was employed by Defendant.

5. Defendant is an employer and is subject to suit under 42 U.S.C. § 2000 (e) *et seq.* At all times relevant to this action, Defendant has employed at least 15 persons.

## FACTS

6. Plaintiff began working as a "deboner" for Defendant in September of 2016.

7. On or about November 16, 2016, Plaintiff was on break and exited the plant building to go to his car located in the Defendant's parking lot. There is an iron bar fence that separates the plant from the parking lot.

8. While on his way to his car, Plaintiff was accosted by a Caucasian male, Jacob Parker ("Parker" or "Mr. Parker"). Mr. Parker was in the parking lot on the other side of the fence from Mr. Shields.

9. Mr. Parker first shouted "Get the fuck off my woman" at Mr. Shields followed by "Yeah, I'm talking to you, bitch" and "Yeah, you, nigger."

10. Plaintiff ignored Mr. Parker's insults and racially discriminatory remarks and continued to walk to his car.

11. Mr. Parker reached through the fence and punched Plaintiff in the eye with his fist. A physical altercation between Mr. Parker and Plaintiff ensued. The altercation was ended by worksite security.

12. Mr. Parker was present on Defendant's property that day to do a walkthrough of the plant at the invitation of the Defendant as the final step in their hiring process.

13. Plaintiff was sent home by his supervisor, Ms. Ginger, that same day.

14. Plaintiff was terminated on or about November 16, 2016, as a result of this incident.

15. Mr. Parker was later hired despite his racially motivated attack on the Plaintiff.

16. On or about December 27, 2016, Plaintiff filed a charge of discrimination with the EEOC, asserting that Defendant's treatment of him and the termination of his employment was racially motivated, in violation of Title VII of the Civil Rights Act of 1964.

17. The EEOC terminated it's investigation on or about January 3, 2017, and issued a Dismissal and Notice of Rights letter to Plaintiff on January 5, 2017.

### COUNT I—RACE DISCRIMINATION IN VIOLATION

18. Plaintiff re-alleges and incorporates the allegations set forth above in paragraphs 1- as if set forth herein in full.

19. Defendant's termination of Plaintiff was racially motivated in violation of the Civil Rights Act of 1964, as amended.

20. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, other than this action, for back pay, front pay, injunctive and declaratory relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein, unless enjoined by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this honorable Court assumes jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies and practices, conditions, and customs of Defendant are violative of the rights of Plaintiff as secured by Title VII.

2. Grant Plaintiff's permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII.

3. Enter an Order requiring Defendant to make Plaintiff whole by awarding her the position she would have occupied in the absence of race discrimination, back pay (plus interest), front pay, lost seniority, lost benefits, and all compensatory and punitive damages.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, the award of costs, attorney's fees, and expenses.

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.

Respectfully Submitted this 31st day of March, 2017.

*s*/John I. Thomason
John I. Thomason
E-mail: law@jithomason.com
Attorney for Plaintiff
501 N Jackson Ave
Russellville, AL 35653
Phone: (256) 290-0050
Fax: (256) 293-4761

**PLAINTIFF'S ADDRESS:**

EVERETT SHIELDS
79 TIMBERLINE DRIVE
RUSSELLVILLE, AL 35653

**DEFENDANTS'S ADDRESS:**

PILGRIM'S PRIDE, INC.
C/O CSC LAWYERS INCORPORATING SVC INC
150 SOUTH PERRY STREET
MONTGOMERY, AL 36104

## CERTIFICATE OF SERVICE

I hereby certify that I have on the 31st day of March, 2017, served a copy of the foregoing complaint for all parties to this proceeding via the CM/ECF system for the Northern District of Alabama.

/s/John Thomason
John Thomason