FILED
2018 Apr-09 AM 09:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| EVERETT SHIELDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:17-cv-00515-HNJ |
| | ) |
| PILGRIM'S PRIDE CORPORATION, | ) |
| | ) |
| Defendant | ) |
| | ) |

# MEMORANDUM OPINION AND DISMISSAL ORDER

This civil action proceeds before the court on Defendant Pilgrim's Pride Corporation's ("Pilgrim's Pride") Motion to Dismiss for Failure to Prosecute (Doc. 21) and Pilgrim's Pride's Motion for Entry of Defendant's Motion to Dismiss for Failure to Prosecute or, in the Alternative, Stay Proceedings. (Doc. 23). Based upon the following discussion, the court **GRANTS** both motions.

### BACKGROUND

On March 31, 2017, Plaintiff Everett Shields filed a race discrimination complaint, pursuant to Title VII, against Pilgrim's Pride. (Doc. 1). The court entered a Scheduling Order on June 6, 2017, requiring that all discovery in this matter be completed by February 28, 2018. (Doc. 16 at 2).

On May 24, 2017, Pilgrim's Pride served a notice of deposition that informed Shields of his deposition at a time and place to be determined. Shields, through counsel,

served discovery requests on Pilgrim's Pride on July 14, 2017. Pilgrim's Pride responded to these requests, producing documents to Shields on August 30 and October 5, 2017. Pilgrim's Pride served its first discovery requests on Shields on July 19, 2017. Shields's counsel never provided discovery responses to Pilgrim's Pride.

Pilgrim's Pride also informed Shields's counsel, from the outset of this matter, that Mr. Shields's claim fails because Pilgrim's Pride did not hire the alleged comparator. Pilgrim's Pride alleged that this fact alone prevents Shields from successfully bringing a claim for race discrimination under Title VII. On October 5, 2017, counsel for Pilgrim's Pride informed Shields's counsel of the possibility of pursuing a Rule 11 dismissal. On October 26, 2017, Pilgrim's Pride served Shields's counsel with Motion for Sanctions under Rule 11(c)(2), and Shields's counsel responded that he would discuss with his client the need to dismiss the lawsuit. Eventually, Shields's counsel successfully filed a Motion to Withdraw as Counsel on December 18, 2017, indicating in his motion that "[a]t this time, the Plaintiff has not called this attorney, nor has he returned this attorney's calls." (Doc. 19).

The court granted the Motion to Withdraw on December 19, 2017, and specifically advised Shields of the following:

> [Plaintiff] is required to adhere to the schedule and deadlines in the court's orders entered in this action on June 6, 2017, and comply with any further order of this court. The Court further ADVISES plaintiff that failure to abide by court orders or participate in discovery in this action may result in

> dismissal of this action for lack of prosecution or as sanction.

(Doc. 20). On January 18, 2018, Pilgrim's Pride's counsel sent Shields a letter via certified mail, explaining that Shields had failed to respond to Pilgrim's Pride's discovery requests and it was unable to set Shields's deposition. The letter also reminded Shields that Pilgrim's Pride served his former counsel with a Rule 11 Motion for Sanctions on October 26, 2017. The letter requested a response from Shields by February 1, and a response to the Rule 11 Motion by February 8, and Shields had yet to contact Pilgrim's Pride as of February 21, 2018.

On February 21, 2018, Pilgrim's Pride filed a Motion to Dismiss for Lack of Prosecution. (Doc. 21). The court entered an order requiring Shields to respond to the motion within fourteen days. (Doc. 22). Shields never filed a response. On March 30, 2018, Pilgrim's Pride filed a Motion for Entry of Defendant's Motion to Dismiss for Failure to Prosecute or, in the Alternative, Stay Proceedings. (Doc. 23). The Court granted the motion as to Pilgrim's Pride request to stay all remaining deadlines set forth in the Rule 16 Scheduling Order, (Doc. 24), and the Court hereby proceeds on the dismissal issue.

## ANALYSIS

Federal Rule of Civil Procedure 41(b) states: "[i]f a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In reviewing a motion to dismiss, the Eleventh Circuit provides:

> Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances. In reviewing a dismissal under Rule 41(b), we consider whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice. Mere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct. Dismissal pursuant to Rule 41(b) upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.

*Kelly v. Old Dominion Freight Line, Inc.*, 376 F. App'x 909, 913-14 (11th Cir. 2010)(internal quotations and citations omitted).

Here, Pilgrim's Pride's motion to dismiss does not involve a simple mistake or an inadvertent failure to meet a discovery deadline. Shields purposefully disregarded the discovery rules and a court order, even after this court warned him of the effect of doing so. The undisputed evidence demonstrates that Shields provided no responses to written discovery or to Pilgrim's Pride's notice of a future deposition. When Pilgrim's Pride moved to dismiss this action and the court entered an order affording Shields an opportunity to respond, he failed to do so.

Shields's actions directly violate the discovery rules and a court order, and it appears he has "utterly abandoned prosecution of this action." *Dudley v. City of Birmingham*, No. 2:13-cv-00127-SLB, 2014 WL 416673, at *3 (N.D. Ala. Feb. 3, 2014). As noted above, the court unequivocally informed Shields of the consequences should he not comply with the court's order, including the possibility that the court would dismiss his case.

Accordingly, the court **GRANTS** Pilgrim's Pride's motions and **DISMISSES WITH PREJUDICE** this action.

**DONE** and **ORDERED** this 9th of April, 2018.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE